**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| CORY HOWARD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CLYDE'S RESTAURANT GROUP, INC., *et al.*,<br><br>Defendants. | Case No. 11-00687 (AJT/IDD) |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL AND TO STRIKE PLAINTIFFS FOR FAILURE TO PARTICIPATE IN DISCOVERY

Defendants CLYDE'S RESTAURANT GROUP, INC., CLYDE, INC., CLYDE'S OF RESTON, INC., and CLYDE BROADLAND, INC., (collectively "Defendants"), by counsel, file this Reply in Support of Defendants' Motion to Compel and to Strike Plaintiffs for Failure to Participate in Discovery, and state as follows:

## ARGUMENT

Plaintiffs' counsel does not explain why they waited until *after* written discovery responses (including admissions) were due and *after* Defendants have been repeatedly seeking deposition dates to disclose to defense counsel that some Plaintiffs were not communicating with them. In fact, only upon pressing Plaintiffs' counsel late yesterday did Plaintiffs' counsel disclose that there are "3-4 other Plaintiffs" who are not responding to Plaintiffs' counsel. If these Plaintiffs signed up to participate in this case as *plaintiffs* then they are obligated to comply with discovery rules and appear pursuant to notices of deposition. As this Court stated on August 31, 2012, the opt-in plaintiffs "are parties, they are plaintiffs now in the case. The

1

defendant has an absolute right to propound discovery on them and receive discovery responses from them." Tr. of Aug. 31, 2012 Hearing at 52:19-20.

Plaintiffs' counsel concedes that two Plaintiffs (Connor Williams and Andre Esguerra) have failed to respond to Requests for Admission and attempts to reach these individuals have failed. These individuals signed consent forms *two (2) months ago* on July 20, 2012 (Esguerra) and July 23, 2012 (Williams), and there is absolutely no excuse for Plaintiffs counsel to wait until September 10, 2012 (after discovery responses are due and four days before the discovery cut-off) to ask for additional contact information for their own clients. Moreover, Plaintiffs' counsel waited until the night before the Final Pretrial Conference – and only when pressed by defense counsel – to disclose that another 3-4 additional plaintiffs are not in communication with them. In fact, in an e-mail at 11:21 p.m. on September 19, 2012, Plaintiffs' counsel disclosed for the first time the identities of two of those individuals (Plaintiffs Tobar and Schidlo) and asked for further contact information. These individuals signed consent forms on August 2, 2012 and August 13, 2012, respectively. Again, why would Plaintiffs' counsel wait until the night before the Final Pretrial Conference to seek further contact information? The two other missing plaintiffs' names have not been disclosed, but presumably Plaintiffs' counsel already possesses their contact information, and those plaintiffs still are not responding.

Opt-in Plaintiffs should not be permitted to sign a consent form and sit back hoping to receive some pay-off. Especially in this case where there are serious issues of the individualized and unique nature of each plaintiff's claim (two different restaurants, some are servers, some are backwaiters, some are busers, some are bartenders, working different shifts, different rates of pay, some disagree with claims made in the Complaint, different supervisors alleged to have taken action, different time periods, different scenarios for why they failed to clock in), all of

which will support Defendants' anticipated Motion for Decertification. Because of the unique situations of these Plaintiffs, Defendants need to depose them and would prefer to depose them live.

Within the last week, it became clear that in addition to the six individuals who are not communicating with Plaintiffs' counsel, another five (5) Plaintiffs are being or will be dismissed either because they are time-barred, they no longer wish to make claims, or they were never a tipped employee. Plaintiff Michael Aronoff has informed Plaintiffs' counsel that he does not want to participate. Three more (Martinez, Lavalette, and Gabriella) are time-barred based on when they filed their consent forms with this Court. Finally, Adam Rothschild was never a tipped employee and was paid a non-tipped wage as a trainee. That not only reduces the total number of Plaintiffs down from 42 to 37, six (6) more are not participating in discovery.

Of the Plaintiffs who are out-of-state, three (Martinez, Lavalette, and Gabriella) are time-barred and therefore their depositions are unnecessary in light of impending dismissals. That leaves only four (4) out-of-state plaintiffs to depose.[1] Defense counsel suggested a compromise: if Plaintiffs Meade and Ludwig appeared in Northern Virginia (which they have already said they could do), then defense counsel would depose the other two out-of-state plaintiffs by videoconference as long as Plaintiffs paid the cost of the video portion. Defense counsel has not received a response to this suggestion.

Predictably, Plaintiffs' counsel suggested that any sanction should be that these plaintiffs are prevented from testifying at trial. That is exactly what Plaintiffs' counsel wants – not to be required to subject these plaintiff to examination on their unique claims, and magically get a windfall recovery. The Defendants have a right to discovery, a right to file a Motion for

---

[1] When there were three plaintiffs in California, defense counsel suggested that the depositions take place in California. Now there is only one (Eric Meade) and Plaintiffs' counsel secured a date on which he could come to Virginia.

Decertification, a right to explore the unique claims of the plaintiffs, and a right to seek relief from this Court when the Plaintiffs do not participate in discovery according to the rules.

Although Plaintiffs contend that Defendants did not cite authority, Defendants cited *Smith v. Cent. Sec. Bureau*, 231 F. Supp. 2d 455, 472 (W.D. Va. 2002) (granting default judgment against five opt-in plaintiffs in collective action under the Fair Labor Standards Act, where plaintiffs "failed to attend their depositions and failed to submit responses to interrogatories"); *see also Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 165 (W.D.N.Y. 2007) (dismissing claims by plaintiffs in Fair Labor Standards Act case where plaintiffs "failed or refused to attend or complete their depositions, respond to Carrols' interrogatories, or to otherwise comply with the Court's orders concerning discovery"). Other court decisions in this Division and in this Circuit are in accord. *See Wyche v. Va. State Univ.*, No. 3:304CV766, 2005 U.S. Dist. LEXIS 8705, *5 (E.D. Va. Apr. 12, 2005) (dismissing case and holding that "[a] party that fails to comply with discovery is subject to a range of sanctions under Fed. R. Civ. P. 37(d) at the discretion of the court"); *Murray v. City of Chester*, No. 3:10-1536-TLW-JRM, 2011 U.S. Dist. LEXIS 152715, *5-6 (D.S.C. Nov. 10, 2011) (recommending dismissal where plaintiff failed to fully respond to defendants' written discovery and refused to schedule and then failed to appear for a deposition); *Warren v. United States*, No. DKC10-3015, 2011 U.S. Dist. LEXIS 90658, *4-5 (D. Md. Aug. 15, 2011) (dismissing plaintiff's complaint and holding that "[a] party's total failure to comply with the mandates of discovery, with no explanation for that failure, can certainly justify this harshest of sanctions").

For the foregoing reasons, the Court should grant Defendants' Motion to Compel Discovery and to Strike Plaintiffs.

Dated: September 20, 2012                                   CLYDE'S RESTAURANT GROUP, INC.,

4

CLYDE, INC., CLYDE'S OF RESTON,
INC., CLYDE BROADLAND, INC.
By counsel


/s/ Attison L. Barnes, III

Attison L. Barnes, III (VA Bar No. 30458)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 20, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

>Heidi Burakiewicz, Esq.
>Karla Gilbride, Esq. (pro hac vice)
>MEHRI & SKALET, PLLC
>1250 Connecticut Ave., NW, Ste. 300
>Washington, DC 20036
>Tel: (202) 822-5100
>Fax: (202) 822-4997
>hburakiewicz@findjustice.com
>kgilbride@findjustice.com

>  /s/ Attison L. Barnes, III
>Attison L. Barnes, III, Esq.
>WILEY REIN LLP
>1776 K Street, NW
>Washington, DC 20006
>Tel: (202) 719-7000
>Fax: (202) 719-7049
>abarnes@wileyrein.com