**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| CORY HOWARD, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>CLYDE'S RESTAURANT GROUP, INC., *et al.*,<br><br>  Defendants. | Case No. 11-00687 (AJT/IDD) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS
AGAINST PLAINTIFFS FOR DISCOVERY VIOLATIONS**

Defendants CLYDE'S RESTAURANT GROUP, INC., CLYDE, INC., CLYDE'S OF RESTON, INC., and CLYDE BROADLAND, INC., (collectively "Defendants"), by counsel, file this Memorandum in Support of Defendants' Motion for Sanctions Against Plaintiffs for Discovery Violations contrary to Court Order, including dismissal of Plaintiffs with prejudice, and state as follows:

**PRELIMINARY STATEMENT**

On September 21, 2012, this Court, after oral argument on Defendants' Motion to Compel, issued an Order expressly requiring that:

> [a]ll Plaintiffs with overdue discovery shall respond no later than September 26, 2012. As previously stated by this Court, the discovery cutoff is September 27, 2012 and all depositions must be conducted by September 27. If Plaintiffs do not respond to written discovery or schedule depositions prior to the deadline, the Court may impose sanctions including dismissal of their claims.

Dkt. 140. Despite this explicit warning from the Court, numerous individual Plaintiffs have failed to comply with written discovery requests and have failed to schedule and appear for

1

depositions. Several Plaintiffs have simply failed to appear for *scheduled* depositions or canceled at the eleventh hour, causing Defendants to incur unnecessary legal costs, especially when waiting for someone to appear, or not. Other Plaintiffs failed to provide dates for deposition on or before September 27[1] or written discovery responses by September 26, and many failed to produce a single document as ordered by this Court.[2] Incredibly, despite this Courts' Orders, multiple Plaintiffs who were deposed recently testified that they had *never been asked* to compile their documents or had *just not done so*.

This relief requested in this Motion (i.e. dismissal of some plaintiffs) is, in part, unopposed by Plaintiffs. There are ten (10) individual Plaintiffs who have failed entirely to participate in discovery, some have failed to communicate with Plaintiffs' counsel since returning the initial consent form, others are admittedly time-barred, one does not qualify for this cases as a non-tipped employee, and others have indicated their desire to withdraw as plaintiffs. At least one of those individuals (Mr. Aronoff) informed Plaintiffs' counsel weeks ago that he no longer wished to participate in this case, and despite multiple representations from Plaintiffs' counsel that they would voluntarily dismiss him from this case, Plaintiffs' counsel has inexplicably failed to do so. Now two more Plaintiffs (Hirmas and Sieren) have apparently informed Plaintiffs' counsel that they no longer wish to participate – one of which (Hirmas) canceled a scheduled deposition. In addition, Plaintiffs' counsel represented only recently that multiple plaintiffs who have not communicated with them for at least a month (Williams, Esguerra, and Tobar) would be dismissed, inducing defense counsel to hold off seeking relief

---

[1] All of the Plaintiffs who opted in on or after August 10, 2012, have been aware since this Court's Order dated September 7, 2012 that they would be required to appear for deposition on or before September 27, 2012. See Order dated September 7, 2012. Dkt. 122.

[2] By Order dated August 31, 2012, this Court granted Defendants' Motion to Compel discovery responses, including criminal histories, tax returns, and post-employment materials (for servers). Plaintiffs had agreed to produce documents in response to many of Defendants' requests, yet still many Plaintiffs have not produced a single piece of paper in this case.

from the Court. For three (3) other Plaintiffs (Martinez, Gabriella, and Lavalette), there is no dispute that their claims are time-barred, but again, Plaintiffs' counsel has not voluntarily dismissed them. Another Plaintiff (Rothschild) was never a tipped employee, and therefore cannot meet the requirements for the conditional certification, and he too has not been voluntarily dismissed. Nor did these individuals respond to discovery or sit for deposition. Only yesterday, did defense counsel learn for the first time that Plaintiffs' counsel would require a motion with the Court with the understanding that Plaintiffs' counsel will not oppose the Motion as to these Plaintiffs. Now after drafting this Motion, Plaintiffs' counsel says they will dismiss some but not others. Out of an abundance of caution, and despite many mixed signals from opposing counsel, this Motion seeks dismissal with prejudice for all of these plaintiffs.

In addition to the unopposed dismissal of Plaintiffs described above, there are twenty-two (22) individual Plaintiffs (including the five named Plaintiffs Curry, Howard, Knutson, Mallott, and Martin) who failed to provide complete written discovery responses and documents by September 26, 2012 as ordered by the court. Defendants also move for sanctions, including dismissal with prejudice, against these Plaintiffs.

As more fully set forth herein, these Plaintiffs have failed to comply with the Court's Order to timely provide complete written discovery responses and to appear for deposition. Therefore, Defendants' Motion should be granted.

## CERTIFICATE OF GOOD FAITH

Defendants' counsel has made repeated attempts to raise these issues with Plaintiffs' counsel. Defendants' counsel met with Plaintiffs' counsel a final time on September 27, 2012 in an effort to resolve these issues. Plaintiffs' counsel refused to voluntarily dismiss even those individual Plaintiffs who have indicated their desire to no longer continue participating in this

case, failed to appear for deposition, failed to respond to written discovery, failed to produce documents, held only time-barred claims, did not satisfy the requirement of have served as a tipped employee, or failed to communicate with Plaintiffs' counsel for the last two (2) months. Plaintiffs' counsel called again on September 28, 2012, and suggested that they would dismiss some of these Plaintiffs, but not others. Defendants have heard this before (with no follow-though), so this Motion is required.

## ARGUMENT

I. **THIS COURT SHOULD DISMISS PLAINTIFFS WHO HAVE FAILED TO COMMUNICATE WITH PLAINTIFFS' COUNSEL, FAILED TO RESPOND TO DISCOVERY REQUESTS AS ORDERED BY THIS COURT, WHOSE CLAIMS ARE TIME-BARRED, AND/OR WHO NO LONGER WISH TO PARTICIPATE IN THIS CASE.**

The individual Plaintiffs listed below should be dismissed from this case because they have all failed to participate in discovery. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Fed. R. Civ. P. 37(b) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . striking pleadings in whole or in part . . . dismissing the action or proceeding in whole or in part . . . rendering a default judgment against the disobedient party."); *see Smith v. Cent. Sec. Bureau*, 231 F. Supp. 2d 455, 472 (W.D. Va. 2002) (granting default judgment against five opt-in plaintiffs in collective action under the Fair Labor Standards Act, where plaintiffs "failed to attend their depositions and failed to submit responses to interrogatories."). These Plaintiffs have violated the September 21 Order from this Court. Plaintiffs' counsel concedes that some of these individuals have ceased communicating with Plaintiffs' counsel since submitting the initial consent form. In addition, some of these

4

individual Plaintiffs cannot raise any cognizable claims because they are entirely barred by the statute of limitations, and other Plaintiffs have indicated their desire to no longer participate in this case. The individual Plaintiffs whose claims this Court should dismissed are as follows:

- **Aronoff, Michael** – has not responded to any discovery requests, despite responses being due September 6, 2012. Plaintiffs' counsel indicated weeks ago that Mr. Aronoff no longer wished to participate in this case but have not voluntarily dismissed his claims. He should now be dismissed with prejudice for discovery violations contrary to a Court Order.

- **Williams, Connor** – has not responded to any discovery requests, despite responses being due September 6, 2012. Plaintiffs' counsel indicated that Mr. Williams has not communicated with Plaintiffs' counsel since sending his initial consent form on August 6, 2012. He should now be dismissed with prejudice for discovery violations contrary to a Court Order.

- **Esguerra, Andre** – has not responded to any discovery requests, despite responses being due September 6, 2012. Plaintiffs' counsel indicated that Mr. Esguerra has not communicated with Plaintiffs' counsel since sending his initial consent form on August 6, 2012. He should now be dismissed with prejudice for discovery violations contrary to a Court Order.

- **Tobar, Jhonny** – has not responded to any discovery requests, despite responses being due September 17, 2012. Plaintiffs' counsel indicated that Mr. Tobar has not communicated with Plaintiffs' counsel since sending his initial consent form on August 15, 2012. He should now be dismissed with prejudice for discovery violations contrary to a Court Order.

- **Hirmas, Franz** – has not responded to any discovery requests, despite responses being due September 17, 2012. Mr. Hirmas also failed to appear at a scheduled deposition, incurring legal costs for Defendants. Plaintiffs' counsel concedes that Mr. Hirmas no longer wishes to participate in this case but have not voluntarily dismissed his claims. He should now be dismissed with prejudice for discovery violations contrary to a Court Order.

- **Martinez, Nery** – did not appear for a scheduled deposition and is not participating in discovery. Plaintiffs' counsel concedes that Mr. Martinez's claims are time-barred but have not voluntarily dismissed his claims. Mr. Martinez filed an opt-in on September 4, 2012, more than three years after his last day of employment at Clyde's of Reston on August 26, 2009.[3]

---

[3] Defendants do not concede the applicable statute of limitations is three years, since Plaintiffs cannot demonstrate a willful violation of the FLSA. 29 U.S.C. § 255(a) ("[E]very such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may

5

- **Lavalette, Marisa** – has not responded to any discovery requests, despite responses being due September 27, 2012. Plaintiffs' counsel concedes that Ms. Lavalette's claims are time-barred but have not voluntarily dismissed her claims. Ms. Lavalette filed an opt-in on August 24, 2012, more than three years after her last day of employment at Clyde's of Reston on August 22, 2009.

- **Gabriella, Tatiana** – has not responded to any discovery requests, despite responses being due September 13, 2012. Plaintiffs' counsel concedes that Ms. Gabriella's claims are time-barred but have not voluntarily dismissed her claims. Ms. Gabriella filed an opt-in on August 10, 2012, more than three years after her last day of employment at Clyde Broadland on July 16, 2009. She should now be dismissed with prejudice for discovery violations contrary to a Court Order.

- **Rothschild, Adam** – has not responded to any discovery requests. Moreover, Mr. Rothschild was not a tipped employee covered by the conditionally certified collective action but Plaintiffs' counsel has refused to voluntarily dismiss his claim.

- **Sieren, Clare** – has informed Plaintiffs' counsel that she will not participate in discovery and wants to withdraw. Plaintiffs' counsel concedes she wants to withdraw but have not voluntarily dismissed her claims.

Based upon the foregoing, each of these individual Plaintiffs should be dismissed from the case.

## II. THIS COURT SHOULD DISMISS THE REMAINING PLAINTIFFS WHO HAVE FAILED TO RESPOND TO DISCOVERY REQUESTS AND TO PRODUCE DOCUMENTS AS ORDERED BY THIS COURT.

As stated above, on September 21, 2012, this Court issued an order stating that "[a]ll Plaintiffs with overdue discovery shall respond no later than September 26, 2012. As previously stated by this Court, the discovery cutoff is September 27, 2012 and all depositions must be conducted by September 27. If Plaintiffs do not respond to written discovery or schedule depositions prior to the deadline , the Court may impose sanctions including dismissal of their claims." Dkt. 140. In spite of this Order, numerous individual Plaintiffs have failed to comply

---

be commenced within three years after the cause of action accrued."). However, any claims that are more than three years old would be time barred regardless of any alleged willful violations on part of Defendants.

with written discovery requests and have failed to schedule and appear for properly noticed depositions.

Courts in the Fourth Circuit have held that sanctions, including dismissal, are appropriate when the non-moving party fails to comply with a court order regarding discovery. *Royster v. Food Lion (In re Food Lion)*, No. 94-2360, 1998 U.S. App. LEXIS 11809, 35-36 (4th Cir. June 4, 1998) (upholding trial court's dismissal of FLSA claims of plaintiffs who failed to comply with discovery order and timely submit notarized discovery questionnaires); *Smith v. Cent. Sec. Bureau*, 231 F. Supp. 2d at 472 (granting default judgment against FLSA opt-in plaintiffs who "both failed to attend their depositions and failed to submit responses to interrogatories."). Courts employ a four-part test for determining what sanctions to impose under Rule 37: "[t]he district court must determine '(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" *Colquitt v. Fairfax County Pub. Sch.*, 2012 U.S. Dist. LEXIS 119831, *8 (E.D. Va. Aug. 3, 2012) (internal citations omitted). *Colquitt* held "that plaintiff's failure to provide discovery responses was both intentional and in bad faith. She received a copy of the Court's June 29 Order advising her that failure to comply with the discovery requests could result in dismissal of her case, yet decided to ignore and disobey this directive." *Id.* at *9. The court similarly held that less drastic sanctions would not be effective, given that the plaintiff failed to comply with discovery obligations despite requests from defendant and court order. The court found prejudice for the defendants, holding that "[w]ithout interrogatory responses, documentation, or plaintiff's deposition, defendant has been unable to adequately defend itself.

Defendant has also incurred over $4,000 in fees and costs in trying to obtain basic information to which it is entitled under the Federal Rule of Civil Procedure." *Id. *9-10.*

As described in detail below, numerous Plaintiffs have failed to provide timely written discovery responses, and multiple individual Plaintiffs never scheduled depositions or simply failed to appear for scheduled depositions, all despite the admonition from the Court. Defendants have been forced to expend considerable resources attempting to coordinate discovery, scheduling and attending deposition that were abruptly canceled or missed without notice, and filing a motion to compel discovery with this Court (Dkt 99) and a cross motion to compel attendance at depositions (Dkt 115). The reality is that most of the individual Plaintiffs are simply not interested in pursuing this litigation and will not expend any real effort to complete discovery or otherwise prosecute this case. Because other lesser sanctions will not remedy the situation, and because of the need to deter Plaintiffs from filing consent forms in seek of a payday without actually participating in the litigation, dismissal is the appropriate remedy here. The following Plaintiffs should be dismissed from this case:

- **Ventura, Jose** – failed to appear for a scheduled deposition on September 27 even though counsel and a court reporter waited in a conference room for 45 minutes.

- **Miller, Kelly** – abruptly canceled a scheduled deposition at the last minute, and failed to reschedule despite knowing that the Court required all Plaintiffs be deposed by September 27. Also failed to provide any written discovery responses, which were due September 27.

- **Carrell, Thierry** – failed to produce documents, which were due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Craft, Catherine** – failed to provide a complete document production, which was due September 13, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012. Has yet to provide tax returns.

- **Curry, Joseph (Riley)** – failed to timely provide a written response to requests for production of documents and failed to produce documents, both of which were due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Dodge, Parker D.** – failed to provide a complete document production, which was due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.  Has yet to provide tax returns.

- **Howard, Cory** – despite the fact that Mr. Howard is the named Plaintiff who filed this case in June 2011, he failed to timely provide a written response to requests for production of documents and failed to produce documents, both of which were due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Knutson, Jason** – failed to provide a complete document production, which was due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.  Has yet to provide tax returns.

- **Langass-Russo, Sherri** – failed to provide a written response to requests for production of documents, which was due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Mangum, David** – failed to provide a complete document production, which was due September 13, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.  Has yet to provide tax returns.

- **Mallott, Lindsay** – failed to provide a timely written response to requests for production of documents and failed to produce documents, both of which were due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Martin, Angela Ann** – failed to provide a timely written response to requests for production of documents and failed to produce documents, both of which were due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **McGough, Ryan** – failed to provide a written response to interrogatories or requests for production of documents and failed to produce documents, all of which were due September 17, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **McNelley, Jennifer** – failed to provide a written response to requests for production of documents and failed to produce documents, both of which were due September 27, 2012.

- **Meade, Eric** – failed to provide a written response to requests for production of documents and failed to produce documents, both of which were due September 13, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Mitchell, Kenneth** – failed to provide a written response to requests for production of documents and failed to produce a complete set of documents, both of which were due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Rojas, Juan Carlos** – failed to provide a written response to requests for production of documents and failed to produce documents, both of which were due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Scanlon, Kelsey** – failed to produce a complete set of documents, which was due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012. Has yet to provide tax returns.

- **Sekuler, Emma** – failed to provide timely responses to requests for admission and a written response to requests for production of documents and failed to produce documents, all of which were due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Shultz, Kelsey** – failed to provide a written response to requests for production of documents and failed to produce documents, both of which were due September 6, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Tavasolli, Hamid Reza** – failed to provide a written response to requests for production of documents and failed to produce a complete set of documents, both of which were due September 17, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

- **Vinson, Zachary** – failed to provide a written response to requests for production of documents and failed to produce a complete set of documents, both of which were due September 13, 2012, despite the Court's order that all overdue discovery be provided by September 26, 2012.

Based upon the foregoing, each of these individuals Plaintiffs have failed to comply with the September 21 Order and should be dismissed from this case with prejudice for violation of a court order.

For the foregoing reasons, the Court should grant Defendants' Motion for Sanctions Against Plaintiffs for Discovery Violations, dismiss these Plaintiffs with prejudice, and grant such further relief as this Court deems proper.

Dated: September 28, 2012	CLYDE'S RESTAURANT GROUP, INC., CLYDE, INC., CLYDE'S OF RESTON, INC., CLYDE BROADLAND, INC.
By counsel

/s/ Attison L. Barnes, III
―――――――――――――――――――
Attison L. Barnes, III (VA Bar No. 30458)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 28, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

>Heidi Burakiewicz, Esq.
>Karla Gilbride, Esq. (pro hac vice)
>MEHRI & SKALET, PLLC
>1250 Connecticut Ave., NW, Ste. 300
>Washington, DC 20036
>Tel: (202) 822-5100
>Fax: (202) 822-4997
>hburakiewicz@findjustice.com
>kgilbride@findjustice.com

>   /s/ Attison L. Barnes, III
>Attison L. Barnes, III, Esq.
>WILEY REIN LLP
>1776 K Street, NW
>Washington, DC 20006
>Tel: (202) 719-7000
>Fax:  (202) 719-7049
>abarnes@wileyrein.com